**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROY A. DAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 12-1715-LPS |
| | : | |
| DETECTIVE DANIEL TONER, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| ROY A. DAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 12-1716-LPS |
| | : | |
| DEBRA ROBERTS, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| ROY A. DAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 12-1717-LPS |
| | : | |
| DANIEL DISKEY, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| ROY A. DAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 12-1718-LPS |
| | : | |
| WAL-MART STORES, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

ROY A. DAY,                          :
                                     :
            Plaintiff,               :
                                     :
     v.                              :          Civ. No. 12-1719-LPS
                                     :
SHERIFF BOB WHITE, et al.,           :
                                     :
            Defendants.              :
_____    :


Roy A. Day, Tarpon Springs, Florida, Pro Se Plaintiff.

## **MEMORANDUM OPINION**


April 8, 2013
Wilmington, Delaware

STARK, U.S. District Judge:

## I.    INTRODUCTION

Plaintiff Roy A. Day ("Plaintiff"), who resides in Tarpon Springs, Florida, has filed

several lawsuits in this Court.  He appears *pro se* and has been given leave to proceed *in forma*

*pauperis*.

## II.    BACKGROUND

Plaintiff is a resident of the State of Florida.  Plaintiff was employed at a Wal-Mart store

in Hudson, Florida when, in 2009, a co-worker accused him of stalking her.  Plaintiff's

employment was terminated and he was arrested by the Pasco County Sheriff's Office.  He was

charged with criminal misdemeanor stalking, *State v. Day*, Crim. No. 09-4772MMAWS, tried,

convicted, and sentenced to 300 days in the Pasco County Detention Center. *See In re Roy Day*

*Litigation*, 2011 WL 550207, at *2 (M.D. Fla. Feb. 9, 2011).  Plaintiff has filed seven lawsuits in

this Court, all related to the criminal misdemeanor case filed against him on July 6, 2009 in the

Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida.  Pursuant to 28

U.S.C. § 1915(e), this Memorandum Opinion and Order screens five of the Complaints.

## III.    LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions

that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is

immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court

must accept all factual allegations in a complaint as true and take them in the light most

favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v.*

*County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  Because Plaintiff proceeds *pro se*, his

pleadings are liberally construed and his Complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

"A separate standard for maliciousness is not as well established." *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986 (D. Del. 1995), *aff'd*, 111 F.3d 125 (3d Cir.) (table). A court assessing whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. *See Deutsch*, 67 F.3d at 1086. For example, a complaint is malicious when it "duplicates allegations of another . . . federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993). A court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. *See Crisafi v. Holland*, 655 F.2d 1305 (D.C. Cir. 1981). Additionally, a court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. *See Crisafi*, 655 F.2d at 1309; *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v.*

2

*Carlson*, 469 F.2d 471 (10th Cir. 1972); *see also Banks v. Gillie*, 2004 WL 5807334 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); *McGill v. Juanita Kraft Postal Serv.*, 2003 WL 21355439, at \*2 (N.D. Tex. June 6, 2003) ("A complaint is thus malicious when it duplicates allegations of another pending federal lawsuit by the same plaintiff or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation.") (internal quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Second, the Court must determine whether the facts alleged in the complaint are sufficient to

3

show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Vexatious Litigant

Plaintiff alleges that he has been denied meaningful access to the Florida courts because he is "a pauper and homeless with no money for an unconstitutional $4,000 filing fee." (Civ. No. 12-1715-LPS, at D.I. 2 ¶ 12) Research indicates that the $4,000 is not a filing fee but a sanction imposed upon Plaintiff due to his vexatious and abusive litigatious activities. *See In re Roy Day Litigation*, Misc. No. 95-143-J (M.D. Fla.).

On December 15, 1995, a recommendation was filed in the United States District Court for the Middle District of Florida ("Florida District Court") recounting in detail Plaintiff's history of vexatious and abusive litigation.[1] *See In re Roy Day Litigation*, 976 F.Supp. 1455 (M.D. Fla. 1995). On December 18, 1995, the presiding district judge adopted the recommendation and an Order was entered that provides for screening and the imposition of a sanction of not less than

---

[1]Plaintiff has also been found to be a vexatious litigant by the United States Supreme Court and the District Court of Appeal of Florida, Second District. *See Day v. Day*, 510 U.S. 1 (1993); *Day v. Vinson*, 713 So. 2d 1016 (Fla. Dist. Ct. App. 1998).

4

$1,000 upon the finding that a proposed complaint filed by Plaintiff is frivolous. *See In re Roy Day Litigation*, Case No. 95-143-MISC-J, at D.I. 1. Plaintiff continued filing and, as a result of four attempted frivolous filings, $4,000 in sanctions were imposed. *See In re Roy Day Litigation*, 2011 WL 550207, at *1 (M.D. Fla. Feb. 9, 2011). Undeterred by the sanctions, Plaintiff continued to file complaints. *Id.* This resulted in an order directing the Clerk of Court to not accept any filings from Plaintiff until he satisfies the monetary sanctions. *Id.* Thereafter, Plaintiff began filing his lawsuits in this Court, in an apparent effort to avoid the effect the Florida sanctions have upon his efforts to file lawsuits there.[2]

### B.    Complaints Filed in this District

On November 26, 2012, Plaintiff filed two lawsuits in this Court: one against FBI agent Steve E. Ibison, Civ. No. 12-1566-LPS, and the other against the State of Florida, Civ. No. 12-1567-LPS.[3] The cases revolve around Plaintiff's stalking conviction and subsequent incarceration. On December 17, 2012, Plaintiff filed five more lawsuits in this Court. In reviewing *In re Roy Day Litigation*, 2011 WL 550207, at *1 (M.D. Fla. Feb. 9, 2011), it is apparent that the five cases filed here on December 17, 2012 are the same five cases Plaintiff previously filed in the Florida District Court. The five cases filed in both districts were screened for frivolousness in the Florida District Court by United States Magistrate Judge Thomas G. Wilson, who, at the same time, considered Plaintiff's motions to proceed *in forma pauperis*.

---

[2]Although the five cases Dey filed here are not properly venued in the District of Delaware, the Court may not dismiss the case *sua sponte* on the grounds of improper venue. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

[3]Both cases have been screened in separate orders.

The five cases involve: (1) the Pasco County Sheriff's Department, Detective Daniel Toner, and Donna H. Newton (this Court's Civ. No. 12-1715-LPS), claims found to be frivolous by the Florida District Court; (2) a forty-six page complaint against ten defendants including judges, prosecutors, jurors and others involved in the stalking case (this Court's Civ. No. 12-1716-LPS), found to be frivolous by the Florida District Court; (3) a judge, his judicial assistant, and a lawyer (this Court's Civ. No 12-1717-LPS), found to be frivolous by the Florida District Court; (4) Wal-Mart and Plaintiff's supervisor (this Court's Civ. No. 12-1718-LPS), found to be frivolous by the Florida District Court; and (5) claims against Sheriff Bob White, Pasco County's Sheriff's Department, and Major Brian Head challenging conditions of confinement while Plaintiff was confined at the Pasco County Detention Center (this Court's Civ. No. 12-1719-LPS), some of which were found to be frivolous and others which were deemed amenable to benefitting from the filing of an amended complaint. *See In re Roy Day Litigation*, 2011 WL 550207, at *2-5.

This Court finds dismissal is appropriate on the basis of maliciousness as to Civ. Nos. 12-1715-LPS, 12-1716-LPS, 12-1717-LPS, and 12-1718-LPS.  Plaintiff filed identical lawsuits against the same defendants.  His pattern of filing repetitive claims or claims arising out of a common nucleus of operative facts falls squarely within the category of malicious litigation.  Moreover, as previously determined by the Florida District Court, the complaints in Civ. Nos. 12-1715-LPS, 12-1716-LPS, 12-1717-LPS, and 12-1718-LPS raise frivolous claims.

Because the Complaints in Civ. Nos. 12-1715-LPS, 12-1716-LPS, 12-1717-LPS, and 12-1718-LPS are malicious and frivolous, the Court will dismiss Civ. Nos. 12-1715-LPS, 12-1716-LPS, 12-1717-LPS, and 12-1718-LPS pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

6

The claims raised in the fifth case, Civ. No. 1719-LPS, are time-barred. Exhibits filed by Plaintiff indicate that he was housed in the Pasco County Detention Center in Land O'Lakes, Florida, from October 9, 2009 through August 6, 2010. The complaint in Civ. No. 1719-LPS raises conditions of confinement claims pursuant to 42 U.S.C. § 1983 and a conspiracy claim under 42 U.S.C. § 1985 for acts that allegedly occurred while Plaintiff was incarcerated. Plaintiff filed the complaint in Civ. No. 12-1719-LPS on December 17, 2012.

The statute of limitations for claims arising under § 1983 and § 1985 are borrowed from the forum state's personal injury statute. *See Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985); *Pittman v. Metuhen Police Dep't*, 441 F. App'x 826, 828 (3d Cir. Aug. 2, 2011); *Bougher v. University of Pittsburgh*, 882 F.2d 74 (3d Cir. 1989). Here, Plaintiff chose Delaware as the forum statute to file his lawsuits. In Delaware, § 1983 and § 1985 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. Nov. 30, 2010). It is evident from the face of the Complaint in Civ. No. 12-1719-LPS that the claims are barred by the two-year limitations period. Accordingly, the Court will dismiss Civ. No. 12-1719-LPS, without

prejudice, as frivolous pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## V.     SHOW CAUSE

Plaintiff, a resident of the State of Florida, has engaged in filing numerous lawsuits that contain frivolous legal arguments and that are vexatious and abusive of the judicial process. Plaintiff filed the lawsuits in the United States District Court for the District of Delaware in an apparent effort to avoid the sanctions imposed upon him by the United States District Court for the Middle District of Florida. Since November 26, 2012, Plaintiff has filed the following lawsuits in this District, all related to a criminal misdemeanor stalking case filed against him on July 6, 2009, in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, as follows: *Day v. Ibison*, Civ. No. 12-1566-LPS; *Day v. State of Florida*, Civ. No. 12-1567-LPS; *Day v. Toner*, Civ. No. 12-1715-LPS; *Day v. Roberts*, Civ. No. 12-1716-LPS; *Day v. Diskey*, Civ. No. 12-1717-LPS; *Day v. Wal-Mart Stores, Inc.*, Civ. No. 12-1718-LPS; and *Day v. White*, Civ. No. 12-1719-LPS. The seven lawsuits were filed against the State of Florida, Sheriff Bob White, Pasco County Sheriff's Department, Major Brian Head, Detective Daniel Toner, Donna H. Newton, Daniel Diskey, Brian Aungst, Jr., Mary Flanerty, Wal-Mart Stores, Inc., James Schroder, Debra Roberts, Chris Sprowls, Lynda Barack, Sabrina Farides, Elaine Horne, Laurie Nourse, Stanley R. Mills, Elizabeth Kovachevich, Susan H. Black, J. L. Edmondson, and Steve E. Ibison.

Because of Plaintiff's vexatious litigious actions, this Court has the power to enjoin him from filing meritless pleadings where the pleadings raise issues identical or similar to those that have already been adjudicated. *See* 28 U.S.C. § 1651; *Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989); *Yadav v. Surtees*, 87 F. App'x 271 (3d Cir. Jan. 27, 2004).

Plaintiff has been found to be a vexatious litigant by the United States Supreme Court, the United States District Court for the Middle District of Florida, and the District Court of Appeals of Florida, Second District. In the Florida District Court, an Order was entered that provides for screening and the imposition of a sanction of not less than $1,000 upon the finding that a proposed complaint filed by Plaintiff is frivolous. Despite the Order, Plaintiff continues with his frivolous filings, and he has incurred $4,000 in sanctions. The sanctions remain unpaid and, therefore, Plaintiff is unable to file lawsuits in the Florida District Court. It appears he has now chosen this Court as his District for filing lawsuits, even though venue is not proper in this District and the majority of his claims have already been found frivolous by the Florida District Court.

For the above reasons, Plaintiff will be ordered to show cause, in writing, why he should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus, filed in the United States District Court for the District of Delaware in an effort to avoid the sanctions imposed upon him by the United States District Court for the Middle District of Florida or regarding or relating to a criminal misdemeanor stalking case filed against him on July 6, 2009, in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, including, but not limited to, actions against the State of Florida, Sheriff Bob White, Pasco County Sheriff's Department, Major Brian Head, Detective Daniel Toner, Donna H. Newton, Daniel Diskey, Brian Aungst, Jr., Mary Flanerty, Wal-Mart Stores, Inc., James Schroder, Debra Roberts, Chris Sprowls, Lynda Barack, Sabrina Farides, Elaine Horne, Laurie Nourse, Stanley R. Mills, Elizabeth Kovachevich, Susan H. Black, J. L. Edmondson, and Steve E. Ibison.

## VI.    CONCLUSION

For the above reasons, the Court will dismiss Civ. Nos. 12-1715-LPS, 12-1716-LPS, 12-1717-LPS, and 12-1718-LPS as frivolous and malicious, and will dismiss Civ. No. 12-1719-LPS without prejudice as frivolous and as time-barred.  All pending motions in Civ. Nos. 12-1715-LPS, 12-1716-LPS, 12-1717-LPS, and 12-1718-LPS will be denied as moot.  All pending motions in Civ. No. 12-1719-LPS will be denied without prejudice.[4]

An appropriate Order follows.

---

[4]Plaintiff's recent letters to the Court (*see, e.g.*, Civ. No. 12-1715-LPS D.I. 13, 14, 15) do not impact the Court's analysis.

10