IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROY A. DAY, | : | |
|     Plaintiff, | : | |
| v. | : | Civ. No. 12-1715-LPS |
| DETECTIVE DANIEL TONER, et al., | : | |
|     Defendants. | : | |
| ROY A. DAY, | : | |
|     Plaintiff, | : | |
| v. | : | Civ. No. 12-1716-LPS |
| DEBRA ROBERTS, et al., | : | |
|     Defendants. | : | |
| ROY A. DAY, | : | |
|     Plaintiff, | : | |
| v. | : | Civ. No. 12-1717-LPS |
| DANIEL DISKEY, et al., | : | |
|     Defendants. | : | |
| ROY A. DAY, | : | |
|     Plaintiff, | : | |
| v. | : | Civ. No. 12-1718-LPS |
| WAL-MART STORES, INC., et al., | : | |
|     Defendants. | : | |

| | |
|---|---|
| ROY A. DAY, | : |
|        Plaintiff, | : |
| v. | :   Civ. No. 12-1719-LPS |
| SHERIFF BOB WHITE, et al., | : |
|        Defendants. | : |

## **MEMORANDUM ORDER**

At Wilmington this 26th day of July, 2013:

1.     Plaintiff, a resident of the State of Florida, has engaged in filing numerous lawsuits that contain frivolous legal arguments and that are vexatious and abusive of the judicial process. Plaintiff filed the lawsuits in the United States District Court for the District of Delaware in an effort to avoid the sanctions imposed upon him by the United States District Court for the Middle District of Florida. Since November 26, 2012, Plaintiff has filed the following lawsuits in this District, all related to a criminal misdemeanor stalking case filed against him on July 6, 2009 in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, as follows: *Day v. Ibison*, Civ. No. 12-1566-LPS; *Day v. State of Florida*, Civ. No. 12-1567-LPS; *Day v. Toner*, Civ. No. 12-1715-LPS; *Day v. Roberts*, Civ. No. 12-1716-LPS; *Day v. Diskey*, Civ. No. 12-1717-LPS; *Day v. Wal-Mart Stores, Inc.*, Civ. No. 12-1718-LPS; and *Day v. White*, Civ. No. 12-1719-LPS. The seven lawsuits were filed against the State of Florida, Sheriff Bob White, Pasco County Sheriff's Department, Major Brian Head, Detective Daniel Toner, Donna H. Newton, Daniel Diskey, Brian Aungst, Jr., Mary Flanerty, Wal-Mart Stores, Inc., James Schroder, Debra Roberts,

Chris Sprowls, Lynda Barack, Sabrina Farides, Elaine Horne, Laurie Nourse, Stanley R. Mills, Elizabeth Kovachevich, Susan H. Black, J. L. Edmondson, and Steve E. Ibison.

2. Plaintiff has been found to be a vexatious litigant by the United States Supreme Court, the United States District for the Middle District of Florida, and the District Court of Appeals of Florida, Second District. In the Middle District of Florida, an Order was entered that provides for screening and the imposition of a sanction of not less than $1,000 upon the finding that a proposed complaint filed by Plaintiff is frivolous. Despite the Order, Plaintiff continued with his frivolous filings, and he has incurred a $4,000 in sanctions. The sanctions remains unpaid and, therefore, Plaintiff is unable to file lawsuits in the Middle District of Florida. It appears that he has adopted this Court as his District for filing lawsuits, even though venue is not proper in this District.

3. As a result of the numerous filing in this Court, on April 8, 2013 Plaintiff was ordered to show cause why he should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus, filed in the United States District Court for the District of Delaware: (1) in an effort to avoid the sanctions imposed upon him by the United States District Court for the Middle District of Florida, or (2) regarding or relating to the criminal misdemeanor stalking case filed against him on July 6, 2009 in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida wherein he was found guilty, sentenced, and imprisoned, including, but not limited to, actions against the State of Florida, Sheriff Bob White, Pasco County Sheriff's Department, Major Brian Head, Detective Daniel Toner, Donna H. Newton, Daniel Diskey, Brian Aungst, Jr., Mary Flanerty, Wal-Mart Stores, Inc., James Schroder, Debra Roberts, Chris Sprowls,

Lynda Barack, Sabrina Farides, Elaine Horne, Laurie Nourse, Stanley R. Mills, Elizabeth Kovachevich, Susan H. Black, J. L. Edmondson, and Steve E. Ibison. The Order also dismissed the complaints he had filed. Plaintiff was given until May 10, 2013 to respond to the show cause order. On April 16, 2013, Plaintiff filed a motion for an extension of time (Civ. No. 12-1715-LPS at D.I. 20) to respond to the show cause Order and a notice of appeal (*id.* at D.I. 21). On July 11, 2013, following affirmance of this Court's rulings by the United States Court of Appeals for the Third Circuit, *Day v. Toner*, __F. App'x__, 2013 WL 3481819 (July 9, 2013) (unpublished), the Court granted Plaintiff's motion for an extension of time to respond to the show cause Order and Plaintiff filed his response on July 22, 2013. (*See* D.I. 29, 30)

  4.  A district court has the power to enjoin vexatious litigants from filing meritless pleadings where the pleadings raise issues identical or similar to those that have already been adjudicated. *See* 28 U.S.C. § 1651; *Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989); *Yadav v. Surtees*, 87 F. App'x 271 (3d Cir. Jan. 27, 2004) (unpublished). The Court, in contemplating enjoining Plaintiff as a vexatious litigant from future litigation, provided him sufficient notice and an opportunity to be heard in the form of the show cause Order entered on April 8, 2013. *See Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). Although Plaintiff responded to the show cause Order, his responses fail to address the concerns of the Court. (*See* Civ. Nos. 12-1715-LPS at D.I. 30; 12-1716-LPS at D.I. 19;12-1717-LPS at D.I. 19;12-1718-LPS at D.I. 19;12-1719-LPS at D.I. 19) Instead he speaks to the issue of this Court's jurisdiction and seeks a declaration that he may appeal the matter to the United States Court of Appeals for the Third Circuit.

5. Plaintiff has failed to show cause why he should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus filed in the United States District Court for the District of Delaware in an effort to avoid the sanctions imposed upon him by the United States District Court for the Middle District of Florida or regarding or relating to a criminal misdemeanor stalking case filed against him on July 6, 2009, in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, wherein he was found guilty and sentenced, including, but not limited to, actions against the State of Florida, Sheriff Bob White, Pasco County Sheriff's Department, Major Brian Head, Detective Daniel Toner, Donna H. Newton, Daniel Diskey, Brian Aungst, Jr., Mary Flanerty, Wal-Mart Stores, Inc., James Schroder, Debra Roberts, Chris Sprowls, Lynda Barack, Sabrina Farides, Elaine Horne, Laurie Nourse, Stanley R. Mills, Elizabeth Kovachevich, Susan H. Black, J. L. Edmondson, and Steve E. Ibison.

IT IS THEREFORE ORDERED that:

1. Plaintiff is hereby enjoined from filing, without prior authorization of the Court, any complaint, lawsuit, or petition for writ of mandamus in an effort to avoid the sanctions imposed upon him by the United States District Court for the Middle District of Florida or regarding or relating to a criminal misdemeanor stalking case filed against him on July 6, 2009 in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida wherein he was found guilty and sentenced, including, but not limited to, actions against the State of Florida, Sheriff Bob White, Pasco County Sheriff's Department, Major Brian Head, Detective Daniel Toner, Donna H. Newton, Daniel Diskey, Brian Aungst, Jr., Mary Flanerty, Wal-Mart Stores, Inc., James Schroder,

Debra Roberts, Chris Sprowls, Lynda Barack, Sabrina Farides, Elaine Horne, Laurie Nourse, Stanley R. Mills, Elizabeth Kovachevich, Susan H. Black, J. L. Edmondson, and Steve E. Ibison.

2. Plaintiff must file a motion for leave to file along with any new complaint, lawsuit, or petition for writ of mandamus that he proposes to file and must attach a copy of this Memorandum Order to it. The motion shall be filed as a miscellaneous case.

3. As an exhibit to any motion seeking such leave, there must be attached a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (a) the document raises a new issue that has never been previously raised by the filer in this or any other court, (b) the claim or issue is not frivolous, (c) the document is not filed in bad faith, and (d) a statement as to the basis for jurisdiction and venue in the District of Delaware.

4. The Court shall deny any motion for leave to file if the proposed document is frivolous, vexatious, or harassing. If the motion is denied, the document shall not be filed. The failure to comply with this Memorandum Order shall be sufficient grounds for this Court to deny any motion for leave to file.

5. If the motion for leave to file is granted, Plaintiff shall submit the Order as evidence that he has obtained the permission of the Court for the filing.

6. No document submitted by Plaintiff shall be filed prior to obtaining leave to file unless the document is specifically identified as a motion for leave to file, and unless the document contains an affidavit or sworn declaration as required by this Memorandum Order, and a copy of this Memorandum Order.

7. The Clerk's office shall not accept any filing fees, cover sheets, applications for leave to proceed without prepayment of fees, summonses, or U.S. Marshals forms, in connection with a motion for leave to file, unless and until leave is granted.

8. Plaintiff is placed on notice that should leave be granted but the case is not properly venued in this District, the Court will transfer the case to the proper venue without ruling on the merits of the case and without ruling on any motions, including motions for leave to proceed in forma pauperis.

                                                                                                                              */s/*

UNITED STATES DISTRICT JUDGE